Melissa Lee WEST  *v.*  James Edward WEST

04-393                                                      208 S.W.3d 776

Supreme Court of Arkansas
Opinion delivered May 26, 2005

*Fredye Long Alford*, for appellant.

*Scott S. Freydl*, for appellee.

PER CURIAM. Appellant Melissa Lee West appeals the circuit court's temporary and final orders in which it found that it retained exclusive, continuing jurisdiction over this child-custody matter pursuant to Arkansas Code Annotated § 9-19-202(a)(1) (Repl. 2002). The circuit court modified the parties' original divorce decree, modified the visitation schedule set forth in the divorce decree, and granted appellee James West primary physical custody of the parties' son, J.W. Melissa West now appeals on grounds that the circuit court erred in finding that it retained exclusive, continuous jurisdiction pursuant to § 9-19-202(a)(1), and specifically that the circuit court erred in considering court-ordered visits to Arkansas in its analysis. We decline to reach the merits of Melissa West's argument, because she failed to file a sufficient record for our review pursuant to Arkansas Rule of Appellate Procedure – Civil 6.

Melissa West's record on appeal contains the two orders from which she appeals: a temporary order dated July 23, 2003, and a final order dated September 18, 2003. The July 23, 2003

temporary order reads that the circuit court considered West's motion to dismiss and motion for continuance and James West's motion for temporary change of custody, which are included in the record. The September 18, 2003 final order also reads that the court considered James West's motion for change of custody and for modification of the July 10, 2000 divorce decree. The record, however, contains neither the motion for change of custody nor the divorce decree. The record also fails to include the transcript of the September 2 and 3, 2003 hearing, which resulted in the circuit court's decision to modify the original divorce decree regarding child custody in its September 18, 2003 order.

Despite these lapses, Rule 6 of the Arkansas Rules of Appellate Procedure – Civil provides the requirements for preparing a record in a civil appeals case. Rule 6 reads in part:

> (c) *Record to be Abbreviated*. . . . Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. Where the record has been abbreviated by agreement or without objection from opposing parties, no presumption shall be indulged that the findings of the circuit court are supported by any matter omitted from the record.
>
> . . . .
>
> (e) *Correction or Modification of the Record*. . . . If anything material to either party is omitted from the record by error or accident . . . the appellate court on motion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.
> . . .

Ark. R. App. P. – Civ. 6(c), (e) (2004).

Thus, under Rule 6(c), this court shall not affirm or dismiss a case based on an abbreviated record if the record was abbreviated by the parties in good faith either by agreement *or without objection from the appellee*. Moreover, under Rule 6(e), this court *sua sponte* has the discretion to direct the parties to supply any omitted material by filing a certified, supplemental record. In the instant case, Melissa West was expected to include in her record all documents and information necessary for this court to consider her arguments on appeal.

For this court to determine whether the circuit court clearly erred in concluding that it retained exclusive, continuing jurisdiction pursuant to § 9-19-202(a)(1), we must first decide whether the circuit court had proper jurisdiction to make the original child-custody determination in its divorce decree of July 10, 2000, pursuant to Arkansas Code Annotated § 9-19-201 (Repl. 2002). Moreover, to entertain West's specific argument that the children's court-ordered visits with James West in Arkansas should not be considered for evaluation purposes pursuant to § 9-19-202(a)(1), we must first decide whether the visits actually occurred pursuant to the original visitation schedule set forth in the 2000 divorce decree. Because the divorce decree is not included in the record, it is impossible for this court to make these determinations. Moreover, because James West's motion for change of custody is not included in the record, this court cannot review whether he properly asserted that the circuit court retained exclusive, continuing jurisdiction.

Melissa West's record is abbreviated, because she limited the materials to be included in the record in her notice of appeal. However, we note that James West did not object to the limited appeal, which he had the right to do under Arkansas Rule of Appellate Procedure – Civil Rule 6(b). Plus, he failed to file a designation of the additional parts to be included in the record under that same rule. James West simply filed his response to West's appellate brief and, thus, tacitly consented to the record. This case differs from *Johnson v. Simes*, 361 Ark. 18, 204 S.W.3d 58 (2005), in that in *Johnson* no brief was filed by the appellee, Simes, suggesting that the record was complete.

Pursuant to Rule 6(c) and (e), this court orders Melissa West to supply this court within sixty days of the issuance of this opinion a certified, supplemental record that includes the divorce decree from July 10, 2000, James West's motion for change of custody, and a transcript of the September 2 and 3, 2003 hearing, containing any pertinent information concerning the question of subject-matter jurisdiction. We note that while this court specifically orders West to include this information, this list is not exhaustive, and the parties may include any other information they consider material to the appeal.

We also order Melissa West to file a substituted brief that includes in her Addendum the divorce decree, James West's motion for change of custody, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case, as

required by Arkansas Rule of Supreme Court 4-2(a)(8). In addition, we order Melissa West to include in her abstract any material parts from the September 2 and 3, 2003 hearing as are necessary to an understanding of all questions presented to this court for decision as required by Arkansas Rule of Supreme Court 4-2(a)(5).