Vassie GILBERT *v.* Damarcus MOORE

05-65                                                    210 S.W.3d 125

Supreme Court of Arkansas
Opinion delivered June 16, 2005

[Rehearing denied December 12, 2005.]

*William C. Plouffe, Jr.*, for appellant.

*Bennett & Bennett*, by: *James B. Bennett*, for appellee.

PER CURIAM. Appellant Vassie Gilbert appeals the order of the Union County Circuit Court awarding temporary custody of her minor son to Appellee Damarcus Moore. The issue on

appeal is whether Appellee had standing to seek an award of temporary custody where he had not been declared as the putative father of the minor child by any court order. We are unable to reach the merits of Appellant's argument as she failed to file a sufficient record for our review pursuant to Ark. R. App. P. – Civ. 6.

The record on appeal contains the temporary order of custody. Therein, the order states that a hearing was held on December 17, 2004, and that the trial court relied upon "the petition, testimony, statements of counsel, and other matters and things before the Court" in rendering its decision. The trial court then found that the "[d]efendant's claim that the Court lacked jurisdiction to award custody to the Plaintiff because of a lack of standing pursuant to A.C.A. 9-10-113, is denied. The presumption in favor of custody of the mother is overcome by the evidence." While the petition and answer are included in the record, there is no transcript from the hearing.

Pursuant to Rule 6(c), "this court shall not affirm or dismiss a case based on an abbreviated record if the record was abbreviated by the parties in good faith either by agreement *or without objection from the appellee.*" *West v. West*, 362 Ark. 456, 457, 208 S.W.3d 776, 778 (2005) (*per curiam*). Further, pursuant to Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified, supplemental record. *See id.*

In order for this court to adequately review the circuit court's temporary award of custody, we must have before us the evidence upon which the circuit court relied in making its decision. We recognize that the record presently before us is abbreviated due to the materials requested by Appellant in her notice of appeal and designation of the record, but Appellee failed to object to the limited appeal, nor did he file a designation of any additional materials he believed should have been included in the record. Thus, Appellee tacitly consented to the record. *See, e.g., West*, 362 Ark. 456, 208 S.W.3d 776.

Pursuant to Rule 6(c) and (e), we order Appellant to supply this court with a certified, supplemental record that includes a transcript of the hearing held before the circuit court on December 17, 2004, within sixty days of the issuance of this opinion.

Appellant is further ordered to file a substituted brief that includes an abstract of the relevant testimony and argument of counsel that is essential to this court's understanding of the case and issue presented, as required by Ark. Sup. Ct. R. 4-2(a)(5) and (a)(8).