Cynthia Brown THOMAS  *v.*  James W. AVANT

06-983                                                    252 S.W.3d 135

Supreme Court of Arkansas
Opinion delivered March 8, 2007

*Bob Sanders*, for appellant.

*The Mathis Law Firm*, by: *Winston C. Mathis*, for appellee.

PER CURIAM. Appellant Cynthia Brown Thomas appeals the order of the Clark County Circuit Court finding that it had continuing exclusive jurisdiction and that venue was proper in that court in a child-custody matter between Thomas and Appellee James W. Avant. Specifically, Thomas alleges that the trial court no longer had jurisdiction of the matter because under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), codified at Ark. Code Ann. §§ 9-19-101 to -401 (Repl. 2002), Oklahoma, the state in which she and her minor child, T.B., now reside, is the home state for purposes of establishing jurisdiction under the UCCJEA. Additionally, Thomas alleges that venue does not lie in Clark County under Ark. Code Ann. § 9-10-113 (Supp. 2005). We are unable to reach the merits of these arguments as Thomas failed to file a sufficient record for our review pursuant to Ark. R. App. P. – Civ. 6.

The record on appeal contains several orders pertaining specifically to the issue of jurisdiction and venue. In an order entered of record on May 11, 2006, the trial court states that a

hearing was held on May 2, 2006, on a petition filed by Thomas for a change of venue. This order reflects that testimony was taken at the hearing. Nowhere in the record now before us is a transcript of a hearing on May 2.

Pursuant to Rule 6(c), "this court shall not affirm or dismiss a case based on an abbreviated record if the record was abbreviated by the parties in good faith either by agreement *or without objection from the appellee.*" *Gilbert v. Moore*, 362 Ark. 657, 658, 210 S.W.3d 125, 126 (2005) (per curiam) (quoting *West v. West*, 362 Ark. 456, 457, 208 S.W.3d 776, 768 (2005) (per curiam)). Further, pursuant to Rule 6(e), this court can sua sponte direct the parties to supply any omitted material by filing a certified, supplemental record. *See id.*

In order for this court to adequately review the circuit court's order regarding venue, we must have before us all of the evidence upon which the circuit court relied in making its decision. It appears that the record before us is abbreviated due to the materials requested by Thomas in her notice of appeal and designation of the record, but Avant failed to object to the limited appeal, nor did he file a designation of any additional materials he believed should have been included in the record. Thus, Avant tacitly consented to the record. *See, e.g., Gilbert*, 362 Ark. 456, 208 S.W.3d 776.

Pursuant to Rule 6(c) and (e), we order Thomas to supply this court with a certified, supplemental record that includes a transcript of the hearing held before the circuit court on May 2, 2006, within sixty days of the issuance of this opinion.

Thomas is further ordered to file a substituted brief that includes an abstract of the relevant testimony and argument of counsel that is essential to this court's understanding of the case and issue presented, as required by Ark. Sup. Ct. R. 4-2(a)(5) and (a)(8).

Certified supplemental record ordered; rebriefing ordered.