## Larry D. SELMON *v.* METROPOLITAN LIFE INSURANCE COMPANY

06-1340                                                  264 S.W.3d 547

Supreme Court of Arkansas
Opinion delivered October 11, 2007

*Harrill & Sutter, PLLC,* by: *Luther Oneal Sutter, II,* for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC,* by: *Byron Freeland,* for appellee.

Pᴇʀ Cᴜʀɪᴀᴍ. ■ Appellant Larry D. Selmon appeals from the circuit court's denial of his claim for disability benefits under his former employer's ERISA welfare benefit plan. Appellant

raises several points on appeal including a challenge to the circuit court's denial of his motion for jury trial. Both Appellee's brief and the circuit court's order denying the motion for jury trial indicate that a hearing was held on the motion on March 2, 2005. However, Appellant did not abstract the hearing and no transcript of the hearing appears in the record. The notice of appeal reflects that while Appellant designated the entire record of the proceedings below as the record on appeal, he also noted that no transcripts from the court reporter were necessary because "[n]o hearings on any substantive issue was [sic] held by the trial court." Additionally, in the abstract, Appellant indicates that no testimony was abstracted because the case was decided "primarily upon briefs of the parties and the administrative record."

Under Ark. Sup. Ct. R. 4-2(a)(5) the abstract should consist of the following:

> an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

Ark. Sup. Ct. R. 4-2(a)(5) (2007). Accordingly, even if no witnesses testified at the hearing on Appellant's motion for jury trial, the arguments by counsel, or "colloquies," to the court are necessary for our analysis of the court's decision on the motion. For that reason, Appellant's abstract is deficient.

Not only is the abstract deficient, but the record is also incomplete because it does not contain a transcript of the hearing. As we recently stated in *Gilbert v. Moore*, 362 Ark. 657, 210 S.W.3d 125 (2005), pursuant to Ark. R. App. P. – Civil 6(c) where the parties in good faith abbreviated the record by agreement or without objection from opposing parties, this court "shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency." Ark. R. App. P. – Civil (6)(c) (2007). Further, pursuant to Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified, supplemental record. *See* Ark. R. App. P. – Civil 6(e); *Gilbert v. Moore, supra.*

We recognize that the record presently before us is abbreviated due to the materials requested by Appellant in his notice of appeal and designation of the record, but Appellee failed to object

to the abbreviated record; nor did Appellee file a designation of any additional materials it believed should have been included in the record. Thus, Appellee tacitly consented to the record. *See id.*

Pursuant to Rule 6(c) and (e), we order Appellant to supply this court with a certified, supplemental record that includes a transcript of the hearing held before the circuit court on March 2, 2005, within sixty (60) days of the issuance of this opinion. Appellant is further ordered to file a substituted brief that includes an abstract of the relevant "colloquies between the court and counsel" that are essential to this court's understanding of the case and issue presented as required by Ark. Sup. Ct. R. 4-2(a)(5) and (a)(8) (2007).