$1834 U.S. CURRENCY (Carlos Alexander Solis) *v.*
STATE of Arkansas

07-561                                          267 S.W.3d 593

Supreme Court of Arkansas
Opinion delivered November 8, 2007

*Ken David Swindle*, for appellant.

*Dustin McDaniel*, Att'y Gen., for appellee.

PER CURIAM. Appellant Carlos Alexander Solis appeals from the circuit court's order granting default judgment to the appellee, the State, which declared the State the new owner of Solis's $1,834.00 U.S. Currency. Appellant raises four points on appeal: (1) that Ark. Code Ann. § 5-64-505(g)(4) was satisfied; (2) that Ark. Code Ann. § 5-64-505(g)(4) is unconstitutional and violates Appellant's due-process rights; (3) that the summons in the instant case was insufficient; and (4) that the circuit court erred in granting the default judgment. However, Appellant did not include an abstract in his brief and the State did not include a supplemental abstract. The record and the addendum both reflect that an in-chambers conference took place on January 11, 2007, and a hearing regarding the State's motion for a default judgment took place on February 16, 2007. However, there is neither a transcript of those activities included in the record, nor an abstract provided by either party. In addition, neither party has provided an explanation to this court why transcripts are not provided.

Under Ark. Sup. Ct. R. 4-2(a)(5) the abstract should consist of the following:

> an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

Ark. Sup. Ct. R. 4-2(a)(5) (2007).

██ Even if no witnesses testified at the hearing on the State's motion for default judgment, the arguments by counsel, or "colloquies," to the court are necessary for our analysis of the court's decision on the motion. *See Selmon v. Metropolitan Life Ins. Co.*, 371 Ark. 306, 267 S.W.3d 593 (2007). For that reason, Appellant's abstract is deficient. *See id.* Not only is the abstract deficient, but the record is also incomplete because it does not contain a transcript of the hearing or any possible transcript from the in-chambers meeting. *See id.*

Here, the notice of appeal did not make a request for the entire record of the proceedings below; rather, it simply stated that the order of default judgment is being appealed and that "the record of the clerk includes all pleadings and exhibits attached thereto, including the Motion and Brief for Reconsideration, filed on March 5, 2007, and should include any subsequent order made by the Court in Response to said Motion." As we stated in *Gilbert v. Moore*, 362 Ark. 657, 210 S.W.3d 125 (2005), pursuant to Ark. R. App. P.–Civil 6(c), where the parties in good faith abbreviated the record by agreement or without objection from opposing parties, this court "shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency." Ark. R. App. P.–Civil 6(c) (2007). Further, pursuant to Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified, supplemental record. *See* Ark. R. App. P.–Civil 6(e); *Gilbert v. Moore, supra.*

██ We recognize that the record presently before us is abbreviated due to the materials requested by Appellant in his notice of appeal and designation of the record. *See, e.g., Selmon v. Metropolitan Life Ins. Co., supra.* However, the State failed to object to the abbreviated record and did not file a designation of any additional materials it believed should have been included in the record. Thus, the State tacitly consented to the record. *See id.* (citing *Gilbert v. Moore, supra*).

Pursuant to Rule 6(c) and (e), we order Appellant to supply this court with a certified, supplemental record that includes a transcript of the hearing on the motion for a default judgment and, if applicable, a transcript of the in-camera hearing held before the circuit court on January 11, 2007, within sixty (60) days of the

issuance of this opinion. Appellant is further ordered to file a substituted brief that includes an abstract of the relevant "colloquies between the court and counsel" that are essential to this court's understanding of the case and issue presented as required by Ark. Sup. Ct. R. 4-2(a)(5) and (a)(8) (2007).