2009 Ark. 343

**R.J. CHIODINI, Appellant,**

v.

**David LOCK, Appellee.**

**No. CA 09–297.**

Supreme Court of Arkansas.

June 4, 2009.

---

R.J. Chiodini, pro se.

David Lock, pro se.

PER CURIAM.

Appellant R.J. Chiodini appeals from the Stone County Circuit Court's entry of a decree quieting title to certain real property in accordance with a survey conducted by Mr. Eugene Gorton. Appellant raises four points on appeal: (1) the circuit court erred (a) in failing to deem admitted Appellant's requests for admission; (b) in finding Appellee's responses to interrogatories complete; and (c) in sanctioning Appellant by prohibiting further discovery; (2) the circuit court erred in denying Appellant's motion for summary judgment; (3) the decree quieting title entered by the circuit court following a bench trial on September 29, 2008, was not supported by substantial evidence; and (4) the circuit court erred in failing to sanction Appellee for violation of the Arkansas Rules of Civil Procedure governing discovery. However, Appellant did not abstract the complete trial transcript and only a partial transcript of the trial appears in the record. The notice of appeal reflects that Appellant designated "relevant portions of Court Transcript." Additionally, in the abstract, Appellant indicates that he did not abstract the trial testimony of several witnesses because their testimony was not considered to be "essential or relevant . . . to the issues in this case."

Under Arkansas Supreme Court Rule 4–2(a)(5), the abstract should consist of the following:

The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

Depositions shall be abstracted in a similar fashion.

Ark. Sup.Ct. R. 4–2(a)(5) (2009). In the instant case, Appellant challenges the sufficiency of the evidence supporting the decree. Yet, he fails to include a complete trial transcript in the record, and he fails to provide a proper abstract of the transcript [1] that includes all material parts of the testimony as are necessary to an understanding of all questions presented to our court for decision.

■ Under Arkansas Supreme Court Rule 4–2(a)(8), the addendum should include all [3]documents essential to an understanding of the case:

Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.... Depending upon the issues on appeal, the Addendum may include such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; orders; administrative law judge's opinion; discovery documents; requests for admissions; and relevant pleadings or documents essential to an understanding of the Court's jurisdiction on appeal such as the notice of appeal.

Ark. Sup.Ct. Rule 4–2(a)(8) (2009). In this case, neither the addendum nor the record includes documentary proof of the date when Appellant's complaint and first request for admissions were served on Appellee. Such proof of service is essential to an understanding of Appellant's first point on appeal.

■ Here, the notice of appeal did not make a request for the entire record of the proceedings below. As we stated in *Gilbert v. Moore*, 362 Ark. 657, 210 S.W.3d 125 (2005), pursuant to Ark. R.App. P.-Civ. 6(c), where the parties in good faith abbreviated the record by agreement or without objection from opposing parties, this court "shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency." Ark. R.App. P.-Civ. 6(c) (2009). Further, pursuant to Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified, supplemental record. Ark. R.App. P.-Civ. 6(e); [4]*Gilbert v. Moore, supra.*

We recognize that the record presently before us is abbreviated due to the materials requested by Appellant in his notice of appeal and designation of the record. *See, e.g., Selmon v. Metropolitan Life Ins. Co.*, 371 Ark. 306, 264 S.W.3d 547 (2007). Appellee failed to object to the abbreviated record and did not file a designation of any additional materials he believed should have been included in the record. Thus, Appellee tacitly consented to the record. *See id.* (citing *Gilbert v. Moore, supra*).

Pursuant to Ark. R.App. P.-Civ. 6(c) and (e), we order Appellant to supply this court

---

1. In the abstracting of testimony, "the first person (i.e., "I") rather than the third person (i.e., "he, she") shall be used," and the "abstract or abridgement of the transcript should consist of an impartial *condensation* . . . of the testimony of the witnesses and colloquies between the court and counsel and other parties...." Ark. Sup.Ct. R. 4–2(a)(5) (emphasis added). Thus, the abstract should be a condensed version of the transcript, not a verbatim copy.

with a certified, supplemental record that includes a complete trial transcript and the proof of service referenced above (if part of the proceedings below), within sixty (60) days of the issuance of this opinion. Appellant is further ordered to file a substituted brief that includes an abstract of the complete trial transcript and an addendum as required by Ark. Sup.Ct. R. 4–2(a)(5) and (a)(8) (2009).

While examples of deficiencies in the abstract, addendum, and record are noted above, we encourage Appellant, prior to filing the substituted brief, to review our rules and his substituted brief to ensure that no additional deficiencies are present.

Rebriefing and supplemental record ordered.