

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–310

| | |
|---|---|
| DANNY BENNETT<br><br>APPELLANT<br><br>V.<br><br>SHEILA BENNETT<br><br>APPELLEE | **Opinion Delivered** NOVEMBER 12, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO. DR–2013-568]<br><br>HONORABLE THOMAS HUGHES, JUDGE<br><br>REBRIEFING AND SUPPLEMENTAL RECORD ORDERED |

## BART F. VIRDEN, Judge

Appellant Danny Bennett appeals from the White County Circuit Court's December 1, 2014 order that divided the parties' marital property and debt, awarded permanent alimony, and awarded attorney's fees. Appellant raises four points on appeal: (1) the circuit court erred in finding that the original temporary order directed appellant to continue making the $1600 debt payments after the mortgages were paid off; (2) the circuit court erred in awarding appellee attorney's fees in the amount it did; (3) the circuit court erred in not explicitly stating that appellee was equally liable for one-half the debt relating to the Audio Express stock; and (4) the circuit court erred in the amount of alimony awarded to Appellee.

The notice of appeal reflects that appellant designated the complete clerk's record but that the only transcript he designated is that of the October 1, 2014 hearing.

Under Arkansas Supreme Court Rule 4–2(a)(5), the abstract should consist of the

following:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

In the instant case, appellant challenges the circuit court's interpretation of the October 21, 2013 temporary order that was entered after a hearing on September 17, 2013, where the original court heard testimony and took evidence upon which it relied to make its findings. An abstract of this September 17, 2013 hearing is necessary to our understanding of all the questions presented to our court for decision.

As our supreme court stated in *Chiodini v. Lock*, 2009 Ark. 343, at 3–4, 322 S.W.3d 9, 11–12, pursuant to Ark. R. App. P.–Civ. 6(c), where the parties in good faith abbreviated the record by agreement or without objection from opposing parties, the appellate shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency. Ark. R. App. P.–Civ. 6(c) (2009). Further, pursuant to Rule 6(e), this court can sua sponte direct the parties to supply any omitted material by filing a certified, supplemental record. Ark. R. App. P.–Civ. 6(e); *Chiodini v. Lock, supra*. We recognize that the record presently before us is abbreviated due to the materials requested by appellant in his notice of appeal and designation of the record. *See, e.g.*, *Selmon v. Metro. Life Ins. Co.*, 371 Ark. 306, 264 S.W.3d 547 (2007). Though she raised the issue of the need for the transcript and abstract of the September 2013 hearing, appellee failed to object to the abbreviated record and did not file a designation of any

additional materials she believed should have been included in the record. Thus, appellee tacitly consented to the record. *See id.* Pursuant to Ark. R. App. P.–Civ. 6(c) and (e), we order appellant to supply this court with a certified, supplemental record that includes the complete transcript of the September 17, 2013 hearing within sixty days of the issuance of this opinion. Appellant is further ordered to file a substituted brief that includes an abstract of the indicated transcript as required by Ark. Sup. Ct. R. 4-2(a)(5) (2009). The substituted brief should be filed within thirty days after the supplemental record is filed. While examples of deficiencies in the abstract and record are noted above, we encourage appellant, prior to filing the substituted brief, to review our rules and his substituted brief to ensure that no additional deficiencies are present.

Rebriefing and supplemental record ordered.

KINARD and HOOFMAN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Robert M. Abney, P.A.*, by: *Robert M. Abney*, for appellee.