Cite as 2016 Ark. 86


# SUPREME COURT OF ARKANSAS

**No.** CR–15–813

| | |
|---|---|
| PHILLIP FLOYD | |
| APPELLANT | **Opinion Delivered:** March 3, 2016 |
| V. | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT [CR2014-136(ED)] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE SCOTT JACKSON, JUDGE |
| | <u>SUPPLEMENTAL RECORD ORDERED</u>. |

## PER CURIAM

Appellant Phillip Floyd appeals the order of the Carroll County Circuit Court disqualifying his lawyer, Gerald Kent Crow. The only issue on appeal is whether Crow was disqualified from representation under Rule 1.12 of the Arkansas Rules of Professional Conduct by his previous participation in the case as the judge who signed the affidavit of probable cause for Floyd's arrest warrant and presided over Floyd's plea and arraignment hearing. We are unable to reach the merits of Floyd's issue on appeal because he failed to file a sufficient record for our review.

Rule 1.12 provides that "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge . . . unless all parties to the proceeding give informed consent, confirmed in writing." Ark. R. Prof.'l Conduct R. 1.12. In this case, the circuit court found that Crow's participation in the case violated Rule 1.12 and disqualified him from representing Floyd. On appeal, Floyd argues

that the circuit court erred in disqualifying Crow because his signing the affidavit of probable cause for the arrest warrant and presiding over the plea and arraignment hearing did not constitute "personally and substantially" participating in the case as a judge. However, neither the affidavit of probable cause for the arrest warrant nor a transcript of the plea and arraignment hearing is included in the record.

In order for this court to adequately review Crow's participation in the case as a judge, we must have before us the affidavit of probable cause and a transcript of the plea and arraignment hearing over which he presided. We recognize that the record presently before us is abbreviated due to the materials requested by Floyd in his notice of appeal and designation of the record. However, the State failed to object to the limitation, nor did it file a designation of any additional materials it believed should have been included in the record. We have held that where an appellee fails to object to the designation of the record or designate any additional materials, the appellee has tacitly consented to the abbreviated record. *E.g.*, *Gilbert v. Moore*, 362 Ark. 657, 210 S.W.3d 125 (2005).

Rule 6 of the Arkansas Rules of Appellate Procedure–Civil, as applied through Rule 4(a) of the Arkansas Rules of Appellate Procedure–Criminal provides, "Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency." Ark. R. App. P.–Civ. 6(c). Further, pursuant to Rule 6(e), this court may, on its own initiative, direct a party to file a supplemental record to correct an omission. Ark. R. App. P.–Civ. 6(e).

Pursuant to Rule 6(c) and (e), we order Floyd to supply this court with a certified, supplemental record that includes a copy of the affidavit of probable cause for the arrest warrant, if available, and a transcript of the plea and arraignment hearing over which Crow presided, if available, within sixty days of the issuance of this opinion. Floyd is further ordered to file a substituted abstract and addendum in compliance with Arkansas Supreme Court Rule 4–2(a)(5) and (a)(8).

Supplemental record ordered.

*Gerald K. Crow*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.