Cite as 2020 Ark. App. 262

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-807

| | |
|---|---|
| MITCHELL "MITCH" WINE<br><div align="right">APPELLANT</div><br>V.<br><br><br>DORALEE CHANDLER AND LESLIE RUTLEDGE, IN THEIR CAPACITIES AS DIRECTOR OF ALCOHOLIC BEVERAGE CONTROL DIVISION OF THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION AND ATTORNEY GENERAL OF ARKANSAS, RESPECTIVELY; AND PUBLIC CONSULTING GROUP, INC.<br><div align="right">APPELLEES</div> | **Opinion Delivered:** April 22, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60CV-19-510]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br><br>REMANDED FOR SUPPLEMENTATION OF THE RECORD; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Mitchell Wine, pro se, appeals from an order of the Pulaski County Circuit Court that dismissed his complaint and amended complaint against appellees Doralee Chandler and Leslie Rutledge, in their capacities as Director of the Alcoholic Beverage Control Division of the Arkansas Department of Finance and Administration and the Attorney General of Arkansas, respectively (the State appellees), and appellee Public Consulting Group, Inc. (PCG). On appeal, Wine argues that the trial court erred in dismissing his complaints against the appellees. Because we cannot adequately address all

the issues on appeal from the contents of appellant's abbreviated record, we must remand this case for supplementation of the record and rebriefing.

The current appeal was taken on an abbreviated record pursuant to Rule 6(c) of the Arkansas Rules of Appellate Procedure–Civil. In Wine's original notice of appeal, he designated the entire record on appeal. However, in Wine's amended notice of appeal filed on the following day, he designated only specific portions of the record, which included his amended complaint and certain pleadings, motions, and other documents filed thereafter. Because the abbreviated record does not contain Wine's original complaint, the respective appellees' motions to dismiss the original complaint and the attachments thereto, and other documents filed prior to the filing of Wine's amended complaint, we lack information that is necessary to decide this appeal.

This case arose from Wine's application for a medical-marijuana dispensary license, and the case has an extensive procedural history. The Alcoholic Beverage Control Division (ABC) and the Medical Marijuana Commission (MMC) entered into a contract with PCG, a private corporation from Boston, Massachusetts, to review and score medical-marijuana dispensary applications. After PCG scored the applications, PCG reported the results to MMC. Then, MMC would determine which of the applicants were awarded the marijuana-dispensary licenses. Wine was one of several applicants. MMC did not award Wine a license. Wine was disappointed with the score given to him by PCG, and he also questioned a higher score given to a competitor who was awarded a license. Wine decided to investigate.

2

Wine had several communications with MMC and PCG early in his investigation. According to Wine, PCG declined to provide him with any application or scoring information, instead directing Wine to MMC. Wine alleged that he was advised by MMC that the score sheets had been transmitted to the Attorney General and that the Attorney General was the point of contact. Wine alleged that he contacted the Attorney General's office and was advised that the Attorney General was not the custodian of the records requested; furthermore, if any of the records were within the custody of the Attorney General, the records were exempt from the Freedom of Information Act (FOIA). Wine then prepared and mailed FOIA requests to the Attorney General, the ABC, MMC, and PCG. In those requests, Wine asked for certain information related to the scoring of his application as well as certain information relating to the scoring of the competitor that received the license, a copy of the competitor's application, and chain-of-custody information for the scores generated by PCG. After more discussions, Wine subsequently received a redacted copy of the competitor's application from ABC/MMC,[1] but he was unsuccessful in obtaining much of the information he was seeking. Wine then decided to file a lawsuit.

On January 28, 2019, Wine filed a complaint in the Pulaski County Circuit Court against Chandler, in her capacity as the Director of the ABC; Rutledge, in her capacity as

---

[1]Although the parties refer to these entities collectively as ABC/MMC, the precise relationship between ABC and MMC is not clear from the record. From the parties' representations, however, it is evident that MMC is either a subdivision of ABC or reports to ABC, such that ABC has authority over the FOIA records of MMC.

3

Attorney General; and PCG. While the original complaint is not in the record, from the context of the record submitted, it is evident that Wine's original complaint at a minimum alleged FOIA violations. However, because the original complaint was not designated for inclusion in our record, we are unable to review the specific allegations therein.

The record indicates that after Wine filed his original complaint but before he filed his amended complaint, numerous other motions and responses were filed that are not contained in our appellate record. From what we can glean from the record, these omitted filings include the following in chronological order:

FEBRUARY 6, 2019:[2] PCG filed a motion to dismiss Wine's complaint, alleging that Wine failed to state facts upon which relief can be granted pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

FEBRUARY 15: Wine filed a response to PCG's motion to dismiss.

FEBRUARY 25: Wine filed a motion to strike PCG's motion to dismiss, apparently on the grounds that PCG failed to attach exhibits in support of its motion.

FEBRUARY 26: PCG filed a response to Wine's motion to strike.

FEBRUARY 27: Wine filed a motion for judgment on the pleadings.

FEBRUARY 28: The State appellees filed a motion to dismiss Wine's complaint on the basis of insufficient process and insufficient service of process.

MARCH 4: Wine filed a response to the State appellees' motion to dismiss.

MARCH 13: PCG filed a response to Wine's motion for judgment on the pleadings.

---

[2]Because all the relevant events at the trial level occurred in 2019, we will not include the year for any dates hereinafter referenced.

Wine then filed his amended complaint on May 3, which is chronologically the first document he included for designation in the abbreviated appellate record. When Wine filed his amended complaint, none of the motions listed above had been ruled on by the trial court and thus remained pending. In Wine's amended complaint, he raised numerous claims against the appellees, including FOIA violations, breach of contract, breach of fiduciary duty, fraud in insolvency, fraudulent transfer, and common fraud. Among Wine's specific allegations were that the FOIA mandated disclosure of the information he had requested; that PCG breached its contract with ABC/MMC by failing to score all of Wine's application materials; that all defendants breached their fiduciary duty by upholding a contract mandating destruction of scoring materials subject to the FOIA; that PCG committed fraud in insolvency by failing to produce a comprehensive score for all application materials submitted by Wine; that PCG committed a fraudulent transfer when it conveyed Wine's application score to ABC/MMC when it knew it had not been scored according to the rules and the contract; and that all the defendants perpetuated common fraud because applications for cannabis dispensaries were likely not scored by PCG at all, and because the defendants failed to investigate the fraudulent information contained within the application of Wine's competitor who was awarded a license. In his amended complaint, Wine sought $10 million in damages. Wine's amended complaint was served on the appellees through the eFlex filing system.

On May 23, PCG filed a motion to dismiss Wine's amended complaint.[3] PCG's motion was based on its assertion that pursuant to Arkansas Rule of Civil Procedure 12(b)(6), the amended complaint failed to state facts upon which relief can be granted. In its motion and accompanying brief, PCG asserted that it is a private entity not subject to the FOIA; that there was no valid breach-of-contract claim because there was no contract between PCG and Wine; that PCG had no fiduciary duty to Wine; that fraud in insolvency and fraudulent transfer were based on statutory provisions inapplicable to Wine's allegations against PCG; and that Wine's common-fraud claim failed because there was no allegation that PCG made a knowingly false representation with the intent to induce Wine's reliance thereon.

On May 28, the State appellees filed a motion to dismiss Wine's amended complaint.[4] The State appellees argued that summonses served on them were defective because they did not contain all the information required by Rule 4(b) of the Arkansas Rules of Civil Procedure. Specifically, the State appellees asserted that the summonses failed to contain their addresses, nor did they contain the plaintiff's name and address. The State appellees also argued that service was defective because service was without a return receipt requested and delivery restricted to the addressee as required by Rule 4(g)(1)(A)(1). Because of the allegedly defective summonses and service, the State appellees claimed that the trial court

---

[3]There was pending at this time PCG's previous motion to dismiss the original complaint.

[4]There was pending at this time the State appellees' previous motion to dismiss the original complaint.

lacked personal jurisdiction over them. Notably, although the State appellees' motion to dismiss Wine's original complaint was accompanied by attached exhibits purporting to demonstrate insufficient process and insufficient service of process, their motion to dismiss Wine's amended complaint did not contain the relevant exhibits. Thus, the documents necessary to review the validity of service of process are not in the record that was filed with our court.

In addition to the alleged service defects, the State appellees' motion to dismiss Wine's amended complaint made alternative claims for dismissal. The State appellees argued that the amended complaint failed to state facts upon which relief can be granted, stating that Wine failed to state a FOIA claim against the Attorney General because the Attorney General was not the custodian of the records sought by Wine and because any copies of records it might possess would be exempt from disclosure as working papers and correspondence of the Attorney General. As to Wine's remaining claims, the State appellees adopted and incorporated the arguments made in PCG's motion to dismiss for failure to state facts. The State appellees also asserted that Wine's claims for damages against them were barred by sovereign and statutory immunity.

On May 30, instead of responding to the merits of the motions to dismiss the amended complaint filed by the State appellees and PCG, Wine filed a motion to strike and for default judgment. In that motion, Wine alleged that PCG's motion to dismiss his amended complaint should be struck as being untimely. Wine argued that although PCG's motion was filed on May 23, that filing contained the wrong case number on the file stamp

7

and was thus ineffective.[5]  Wine alleged further that because the State appellees' motion to dismiss in part incorporated by reference the arguments in PCG's untimely motion to dismiss, the State appellees' motion to dismiss should be struck in its entirety.  Wine also asked for a default judgment in the amount of $88 million against PCG.  At the conclusion of Wine's motion, he requested that if his motion to strike or motion for default judgment were not granted, that he be granted appropriate time to address any pleadings not struck by the trial court.

On June 19, the trial court held a hearing wherein each of the above motions—some of which are in our appellate record and some of which are not—was argued by the parties. On August 5, the trial court entered an order of dismissal without prejudice, from which Wine now appeals.

In the trial court's August 5 order, it made specific rulings on the following motions. The trial court denied Wine's motion to strike PCG's motion to dismiss Wine's original complaint, stating that there is no requirement under the Arkansas Rules of Civil Procedure that that exhibits be attached to the motion to dismiss.  The trial court also denied Wine's motion for judgment on the pleadings.[6]  Relevant to the issues raised in this appeal, the trial court granted PCG's motion to dismiss Wine's *original* complaint pursuant to Rule 12(b)(6)

_____

[5]When PCG filed its motion to dismiss the amended complaint on May 23, the circuit clerk mistakenly file-stamped the motion with the wrong case number.  This mistake by the clerk was subsequently corrected.

[6]These two motions are not discussed herein as they are not relevant to the issues raised on appeal.

for failure to state facts upon which relief can be granted. The trial court granted PCG's motion to dismiss Wine's *amended* complaint on the grounds that Wine failed to respond to the motion. Finally, the trial court granted the State appellees' motion to dismiss for failure to properly serve the State appellees. Although the trial court did not specify whether it was dismissing Wine's complaint or amended complaint as it pertains to the State appellees for lack of proper service, we assume from context that it was dismissing the original complaint, and perhaps both.[7]

In this appeal, Wine argues that the trial court erred in dismissing his amended complaint against PCG for his failure to respond to the motion, asserting that no response was required and that, at any rate, he did respond when he filed his May 30 motion to strike and for default judgment. Wine further asserts that the trial court provided no analysis for dismissing his original complaint against PCG for failure to state facts upon which relief can be granted, and that the trial court erred in so doing. With respect to his claims against the State appellees, Wine argues that the trial court erred in dismissing for lack of service because the State appellees were parties to the original complaint and were served with the amended complaint via the eFlex system in accordance with Arkansas Rule of Civil Procedure 5(b)(2).

Because our record is incomplete, we are unable to comprehensively address the issues before us in this appeal. For that reason, we must order the record supplemented before reaching a decision on the merits.

---

[7]We observe that the trial court did not make a specific ruling on Wine's May 30 motion to strike and for default judgment. However, in Wine's amended notice of appeal he states that he abandons any pending but unresolved claims.

Because this appeal was taken on an abbreviated record, we do not have items essential to our review of whether the trial court erred in dismissing Wine's original complaint as to PCG for failure to state facts upon which relief can be granted. The record does not contain Wine's original complaint nor does it contain PCG's motion to dismiss the original complaint. We cannot meaningfully review the trial court's ruling in this regard. Moreover, we have incomplete information upon which to review the trial court's granting of the State appellees' motion to dismiss. In particular, the record does not contain the State's motion to dismiss Wine's original complaint, along with the attachments to that motion, which purportedly substantiated the State appellees' failure-of-service claims. The record is also incomplete because it does not include Wine's FOIA requests or any of the appellees' responses thereto.[8] Without these necessary materials we are unable to review the order being appealed and all of the challenged rulings therein.

> Arkansas Rule of Appellate Procedure–Civil 6(c) provides, in relevant part:
>
> Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. Where the record has been abbreviated by agreement or without objection from opposing parties, no presumption shall be indulged that the findings of the circuit court are supported by any matter omitted from the record.

Further, pursuant to Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified supplemental record. *Gilbert v. Moore*, 362 Ark. 657,

---

[8]Some of these correspondences were evidently attached to the State appellees' motion to dismiss Wine's original complaint, which was omitted from the record.

10

210 S.W.3d 125 (2005). Here, the record presently before us is abbreviated due to the materials requested by Wine in his notice of appeal and designation of record. The appellees failed to object to the abbreviated record and did not file a designation of any additional materials they believed should have been included in the record. Thus, the appellees tacitly consented to the record. *See Chiodini v. Lock*, 2009 Ark. 343, 332 S.W.3d 9.

In accordance with Rule 6, we allow the appellant the opportunity, within twenty-one days from this date, to supplement the record so that we may decide the merits of this case. *See Hurst v. Riceland Foods*, 2020 Ark. App. 85; *Edgin v. Cent. United Life Ins. Co.*, 2012 Ark. App. 216. The supplemental record shall include Wine's original complaint, the respective appellees' motions to dismiss the original complaint and any attachments thereto, Wine's FOIA requests and any responses thereto, and any other materials relevant to the issues on appeal.

Wine will then be required to file a substituted abstract, brief, and addendum that includes the previously omitted materials within fifteen days after the supplemental record is filed in keeping with the requirements of our rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). The addendum in the filed brief must contain all relevant documents that are essential to our understanding of the case and to decide the issues on appeal. *See* Ark. Sup. Ct. R. 4-2(a)(8). We admonish the parties that no new arguments may be advanced on rebriefing. Nonetheless, the "Statement of the Case" and "Argument" sections in Wine's substituted brief must include references to the supplemental addendum, where applicable, in conformance with Rule 4-2(6) and (7). The appellees are ordered to file a substituted response brief within fifteen days after Wine's brief is filed, and the appellees are likewise

ordered to include any references to the supplemental addendum where necessary. We admonish Wine that if he fails to cure the deficiencies listed above, the order of dismissal may be affirmed for noncompliance with the rule. *See* Rule 4–2(b)(3); *see also Bugg v. Bassett*, 2020 Ark. App. 41.

Remanded for supplementation of the record; rebriefing ordered.

GRUBER, C.J., and SWITZER, J., agree.

*Mitchell Wine*, pro se appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *Michael N. Shannon*, for separate appellee Public Consulting Group.

*Leslie Rutledge*, Att'y Gen., by: *Jennifer L. Merritt*, Sr. Ass't Att'y Gen., for separate appellees Doralee Chandler and Leslie Rutledge.