Cite as 2020 Ark. App. 392

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-141

| | |
|---|---|
| LAZARO VENEROS-FIGUEROA<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 9, 2020<br><br>APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT<br>[NO. 67CR-15-38]<br><br>HONORABLE CHARLES A. YEARGAN, JUDGE<br><br>CERTIFIED SUPPLEMENTAL RECORD ORDERED; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Lazaro Veneros-Figueroa filed his pro se appeal after the Sevier County Circuit Court entered an order denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. Appellant argues on appeal that the circuit court erred in denying his petition for postconviction relief because his trial counsel (1) was ineffective for failing to challenge L.S.'s competency; (2) was ineffective for presenting damaging testimony; (3) was ineffective for failing to seek out and present expert medical testimony; and (4) was ineffective for failing to call other lay witnesses. However, we are unable to reach the merits of appellant's arguments at this time because he failed to file a sufficient record for our review.

Although the circuit court held an evidentiary hearing on appellant's petition for postconviction relief on September 19, 2019, a transcript of this hearing is not contained in

our record on appeal. Because the circuit court relied on the testimony presented at this hearing in denying appellant's petition for postconviction relief, the transcript is necessary for our resolution of the issues raised on appeal. After reviewing appellant's notice of appeal, we note that appellant failed to designate or certify that a transcript had been ordered from the court reporter in accordance with Arkansas Rule of Appellate Procedure–Criminal 2(c). Rule 6 of the Arkansas Rules of Appellate Procedure–Civil, as applied through Rule 4(a) of the Arkansas Rules of Appellate Procedure–Criminal, provides, "Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to the appellant and reasonable opportunity to supply the deficiency." Ark. R. App. P.–Civ. 6(c). Further, pursuant to Rule 6(e), this court may, on its own initiative, direct a party to file a supplemental record to correct an omission. Ark. R. App. P.–Civ. 6(e).

Accordingly, appellant is directed to supply this court with a certified, supplemental record that includes the transcript from the September 19, 2019, evidentiary hearing with our clerk within sixty days from the date of this opinion. *See Floyd v. State*, 2016 Ark. 86 (per curiam); *Thomas v. State*, 2013 Ark. 238 (per curiam). We further order appellant to submit a substituted brief within thirty days after the supplemental record has been filed with this court. The State shall have an opportunity to file a responsive brief within fifteen days, following service of the substituted brief. Finally, we encourage appellant to review our rules, including Rule 4-7 of the Rules of the Arkansas Supreme Court and Court of

Appeals, to ensure that no additional deficiencies are present before submitting a substituted brief in this appeal.

Certified supplemental record ordered; rebriefing ordered.

WHITEAKER and MURPHY, JJ., agree.

*Lazaro Veneros-Figueroa*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.