Cite as 2025 Ark. 17

# SUPREME COURT OF ARKANSAS

**No.** CV–25–47

|  |  |
|---|---|
| KAREN BAKER, CHIEF JUSTICE OF THE ARKANSAS SUPREME COURT<br><br>V.<br><br>MARTY SULLIVAN, DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE COURTS | **Opinion Delivered:** March 6, 2025<br><br><br>ORDER TO SUPPLEMENT THE RECORD. |

**PER CURIAM**

Karen Baker, Chief Justice of the Arkansas Supreme Court, filed an original action titled "Notice of Appeal and Motion to Dismiss." Chief Justice Baker's filing challenges "the findings and recommendations set forth in" a human-resources report issued by the Administrative Office of the Courts (AOC). She asks the court to dismiss this matter for lack of subject-matter jurisdiction, to invalidate the AOC's harassment policy, and to conclude that "the evidence is insufficient to support a finding of 'harassment,' by any definition." On the latter point, Chief Justice Baker's filing repeatedly "denies the [report's] characterizations of her interactions with AOC employees when visiting the AOC offices" and argues that, upon a complete review, "there would be no doubt that the visits were for completely legitimate reasons."

Chief Justice Baker, however, has not filed the report that she challenges, and absent that report, it is impossible to conduct the review that Chief Justice Baker seeks. *See Ark. Dep't of Hum. Servs. v. A.B.*, 374 Ark. 193, 200, 286 S.W.3d 712, 717 (2008) ("[I]n making the substantial-evidence determination, we review the *entire record* . . . .") (emphasis added). In original actions, the challenged findings are attached to the pleadings as exhibits or, if filed separately, an addendum. *See Cowles v. Thurston*, CV-24-455 (Ark. July 16, 2024) (petitioners' original action complaint); *McGill v. Thurston*, CV-24-292 (Ark. Aug. 1, 2024) (petitioners' original action complaint). Likewise, if the matter was intended as an administrative appeal, then a record is required. *See* Ark. R. App. P.–Civ. 5(a). Nor is it possible in this instance for us to determine our jurisdiction without any such material. *See Bayird v. Floyd*, 2009 Ark. 455, at 3, 344 S.W.3d 80, 83 (citing Ark. R. App. P.–Civ. 2(a)) (explaining that appellate courts only review final orders and without a final order we have no jurisdiction).

Accordingly, to conduct the review that Chief Justice Baker urges, we order her to file the omitted material, including all complaints and the underlying human-resources report whose findings and recommendations she challenges. *Thomas v. Avant*, 369 Ark. 211, 212, 252 S.W.3d 135, 136 (2007) ("[P]ursuant to Rule 6(e), this court can sua sponte direct the parties to supply any omitted material by filing a certified, supplemental record."). Chief Justice Baker is directed to do so on or before noon on Tuesday, March 11, 2025, redacted to exclude nonparty names or identification.[1] If necessary, Marty Sullivan may supplement

---

[1]No extensions to these deadlines will be entertained.

the material provided by Chief Justice Baker on or before noon on Friday, March 14, 2025, redacted to exclude non-party names or identification.

IT IS SO ORDERED.

BAKER, C.J., and HUDSON, J., not participating.