Colby James VERDIER, by His Mother and Next Friend,
Amanda Verdier, and Amanda Verdier, Individually  *v.*
Lynne VERDIER and James Verdier

04-1132                                      210 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered June 16, 2005

*Robert S. Blatt*, for appellant.

No response.

PER CURIAM. Appellants Colby James Verdier and Amanda
Verdier appeal the judgment of the circuit court in favor of
the appellee Lynne Verdier, as well as the separate order of the circuit
court granting summary judgment to appellee James Verdier and
defendant David Verdier. Their sole assertion on appeal is that the
circuit court erred in granting summary judgment based on the
parental-immunity doctrine. We decline to reach the merits of Colby
and Amanda Verdier's argument because they have failed to file a
sufficient record for our review pursuant to Arkansas Rule of Appellate Procedure – Civil 6.[1]

The record on appeal does contain the two orders from
which it appears that Colby and Amanda appeal: (1) an order dated

---

[1] We note that the appellees raise the argument in their responsive brief that appellants'
notice of appeal is defective and that their abstract and addendum in their opening brief is
deficient. However, the appellees fail to point to any specific deficiency with respect to the
record on appeal.

August 15, 2003, which dismisses with prejudice Colby's father, David Verdier, based on the parental-immunity doctrine,[2] and (2) the judgment of August 2, 2004, dismissing with prejudice Colby's grandmother, Lynne Verdier, following the jury's verdict in her favor.[3] However, the circuit court's order of August 15, 2003, reads that the circuit court considered the following in reaching its decision: (1) the defendants' brief-in-support of their motion for summary judgment; (2) the plaintiffs' brief-in-support of their response to the motion for summary judgment; and (3) the arguments of counsel made during a hearing on the summary-judgment motion held August 15, 2003. None of these are included in the record before us.

As we recently said in *West v. West*, 362 Ark. 456, 208 S.W.3d 776 (2005) (*per curiam*), under Arkansas Rule of Appellate Procedure – Civil 6(c), "this court shall not affirm or dismiss a case based on an abbreviated record if the record was abbreviated by the parties in good faith either by agreement *or without objection from the appellee*." 362 Ark. 456, 457, 208 S.W.3d 776, 778 (emphasis in original). In addition, under Rule 6(e), this court can *sua sponte* direct the parties to supply any omitted material by filing a certified, supplemental record. *See id.*

In order to adequately review the circuit court's order of summary judgment, we must have before us the items which the circuit court considered in making its decision. While the record before us is abbreviated due to Colby and Amanda's limiting of the materials to be included in their notice of appeal, none of the appellees objected to the limited appeal, nor did they file a designation of any additional parts they believed should have been included. While the appellees assert in their responsive brief that the appellants' abstract and addendum are deficient due to the appellants' failure to include the missing items, they fail to specifically object to the items missing from the record itself. For that reason, they tacitly consented to the record. *See, e.g., West v. West, supra.*

---

[2] While the appellants' amended and substituted notice of appeal designation of partial record refers to the record and proceedings "held on May 15, 2003," we note that the circuit court's order granting summary judgment reflects a filing date of *August* 15, 2003, and states that the hearing on the motion was held on the same date.

[3] The August 15, 2003 order further dismissed with prejudice Colby and Amanda's claims based on agency against Colby's grandfather, James Verdier, and his grandmother, the appellee.

■ Pursuant to Ark. R. App. P. – Civ. 6(c) and 6(e), we order Colby Verdier and Amanda Verdier to supply this court with a certified, supplemental record to include the transcript of the hearing on the appellees' motion for summary judgment, as well as the briefs-in-support of the motion for summary judgment and its response, within sixty days of the issuance of this opinion. We note that while we have specifically directed certain materials to be included, our list is not exhaustive, and the parties may include any other information they consider material to the appeal.

The appellants are further ordered to file a substituted brief that includes an abstract and addendum of the relevant testimony and pleadings that are essential to this court's understanding of the case and all questions presented, as required by Arkansas Rules of Supreme Court 4-2(a)(5, 8).