Colby James VERDIER and Amanda Verdier *v.*
David VERDIER, Lynne Verdier,
and James Verdier

04-1132                                              219 S.W.3d 143

Supreme Court of Arkansas
Opinion delivered December 1, 2005

*Robert S. Blatt,* for appellant.

*Huckabay, Munson, Rowlett & Moore, P.A.,* by: *John E. Moore* and *Sarah E. Greenwood,* for appellee.

BETTY C. DICKEY, Justice. This appeal arises from an order of the Circuit Court of Sebastian County dismissing ap-

pellee, David Verdier, from a negligence claim brought by his son, Colby James Verdier, and Colby's mother, Amanda. Under Arkansas law appellants are not entitled to recover for Colby's injury due to the doctrine of parental-immunity. Appellants assert that the Arkansas Supreme Court should abrogate *in toto* the parental-immunity doctrine, or, in the alternative, carve out an exception to allow an unemancipated minor to sue his parents for injuries caused by their negligence. This court has previously considered this issue and held that the doctrine would still be followed in this state, with one specific exception. We decline to abrogate the doctrine of parental-immunity or to carve out another exception, and we affirm the trial court.

On May 15, 2002, Colby was riding on the back of a lawnmower driven by his father, David. At some point, Colby went inside, where his grandparents were, and was given some candy to share with his little brother, who was still riding on the back of the lawnmower. As Colby walked back toward the lawnmower, he fell down and was run over by the lawnmower. The lawnmower was operated by David at all times, which has led to this appeal.

██ Appellee filed a motion to dismiss this appeal and the incorporated brief claiming that (1) appellants' addendum is deficient and does not comply with the provisions of Arkansas Supreme Court Rule 4-2 because it failed to include Defendant's Reply in Support of the Motion for Summary Judgment, and (2) appellants' notice of appeal failed to satisfy Rule 3 of the Rules of Appellate Procedure-Civil. Arkansas Supreme Court Rule 4-2(b) clearly states that "[m]otions to dismiss the appeal for insufficiency of the appellants' abstract or Addendum will not be recognized." Deficiencies in appellants' abstract or Addendum are handled by the Court and appellee had the authority to call any deficiencies to the Court's attention, in addition to the option of supplying a supplemental abstract or Addendum. Ark. Sup. Ct. R. 4-2(b). Appellee also alleged that appellants' notice of appeal did not designate the judgment, decree, order or part thereof appealed from and the contents of the record on appeal, as required by procedure rules. Ark. R. App. P. – Civ. 3. In an earlier *per curium* this court ordered re-briefing due to an insufficient record. *Verdier v. Verdier*, 362 Ark. 660, 210 S.W.3d 123 (2005). While we found, *sua sponte*, the record to be insufficient, we noted that appellees tacitly consented to the record because they failed to object to the limited appeal and failed to file additional parts that they believed

should be included. *Id.* We said that, in order to adequately review the circuit court's order of summary judgment, we needed the following items to be included in a certified, supplemental record: (1) the transcript of the hearing on the appellee's motion for summary judgment; and (2) the briefs in support of both the motion for summary judgment and its response. *Id.* Although the appellee has now objected to the limited appeal, they failed to do so previously, and the appellants have complied with this court's previous instructions. Appellee could have supplied the court with a copy of its reply in support of the motion for summary judgment, as this court specifically instructed that "the parties may include any other information they consider material to the appeal." *Id.* There was a clerical error in appellants' notice of appeal; appellants' referred to certain proceedings, and an order, that were actually dated August 15, 2003, as being dated May 15, 2003. However, this court recognized that mistake and recognized that appellee had sufficient notice, in the appellants' notice of appeal, that the subject matter on appeal would concern David Verdier's dismissal. The motion to dismiss is denied for the reasons stated above.

We now address the merits, and our analysis begins by explaining the appropriate standard of review. Appellants are essentially asking this court to reverse the trial court's decision to grant the motion for summary judgment on behalf of David Verdier, Colby's father. We have stated our standard of review for a summary judgment in *Hisaw v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 668, 122 S.W.3d 1 (2003):

> [S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. After reviewing undisputed facts,

summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts.

The parental-immunity doctrine was first established in Arkansas by this court in 1938. *Rambo v. Rambo*, 195 Ark. 832, 114 S.W.2d 468 (1938). We held that "an unemancipated minor may not maintain an action for an involuntary tort against his parent." *Rambo*, 195 Ark. at 837, 114 S.W.2d at 470. Therefore, under current law, appellant's claim would be barred because his father negligently, as opposed to intentionally, caused his injuries. However, this court did announce its intention, in *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999), to reexamine the parental-immunity doctrine at the next appropriate opportunity. In 2002 an appropriate opportunity arose to thoroughly re-examine the parental-immunity doctrine. *Fields v. Southern Farm Bureau Casualty Ins. Co.*, 350 Ark. 75, 87 S.W.3d 224 (2002). In *Fields*, a child was injured in an accident caused by the negligent driving of his mother. The father, on behalf of his child, brought a direct action lawsuit against his motor vehicle liability insurance company for payment of benefits under the uninsured motorist provision of his policy; however, the insurance company contended that because the child was not legally entitled to collect damages from his mother, the uninsured motorist, then it was not obligated to pay for the child's injuries under the policy. *Id.* This court examined the status of the parental-immunity doctrine in other states and found that eight states applied the doctrine even in cases where the automobile liability insurance coverage represents the financial source; eleven states abrogated the doctrine altogether; four states and the District of Colombia never adopted the doctrine; twenty-one states abrogated the doctrine in cases where negligent operation of a motor vehicle occurs and liability insurance is involved; and three states had other tests in determining liability when automobile negligence is involved. *Id.* The final conclusion of this court was not to abrogate the doctrine, *in toto*, but to establish that an "exception to the parental-immunity doctrine is warranted when a direct-action suit against a motor vehicle liability insurance carrier for uninsured motorist coverage is at issue and when insurance benefits are the damages requested." *Id* at 88. However, we also specifically noted that "the exception we carve[d] out by [that] opinion is limited to those circumstances. In all other matters, where exceptions have not been made in our case law, we retain the doctrine." *Id.*

Since this court will not abrogate the doctrine, appellant urges this court to carve out yet an additional exception to the doctrine to allow an injured child to sue a negligent parent for the limits in an existing homeowner's insurance policy, claiming that this exception would be 'identical' to the exception allowing lawsuits in cases involving motor vehicle insurance. However, children are often hurt in the home place, as it is where they spend the majority of their time and where there are inherent risks. Broadening the exception to the parental–immunity doctrine to cases where a parent is covered by liability insurance through an existing homeowner's policy leads to a dangerous slippery slope. In *Carpenter v. Bishop*, 290 Ark. 424, 720 S.W.2d 299 (1986), a case involving the parental–immunity doctrine, Justice Smith, in his concurring opinion, noted a good argument to prevent a complete rejection of the doctrine:

> For activities central to [the parent-child] relationship, particularly within the home itself, there is some relaxation of the stricter standard of conduct applied in dealing with third persons. A child thoughtlessly leaves his skates in a hallway and the parent trips over them or slides on them and falls, or a parent delays fixing a slightly broken step or calling a carpenter to do it and the child falls as a result; these occurrences are normally regarded as commonplace incidents in family life and usually treated as accidents rather than the basis for imposing legal liability.

*Carpenter v. Bishop, supra,* (quoting from *Restatement (Second) of Torts* § 895G cmt. k (1979)). In addition, automobile insurance differs from homeowner's insurance as there is no requirement by the state that the latter type of insurance be maintained. It is likely that many households in Arkansas are not protected by homeowner's insurance; therefore, if this exception to the doctrine is created, the result would be to create separate benefits and burdens for those who are insured than from those who are not. Finally, our analysis in *Fields, supra,* notes that the states who have carved out an exception to the parental-immunity doctrine, have only made the specific exception when there has been negligent operation of a motor vehicle where liability insurance is involved. The current law in Arkansas shall remain the same as it has since our analysis in *Fields*. Therefore appellant's claim is barred because his father negligently caused his

injuries, and the limited exception does not apply. We affirm the trial court's decision to grant the motion for summary judgment on behalf of David Verdier, Colby's father.

Affirmed.