2009 Ark. 360

**Dorothy and Robert GREENWOOD, as Personal Representatives of the Estate of Michael Anderson, a Minor Deceased, Appellants,**

v.

**Clifford ANDERSON, Jr., Appellee.**

No. 08–1200.

Supreme Court of Arkansas.

June 18, 2009.

McDaniel and Wells, P.A., by: Phillip Wells, Jonesboro; and Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, Greenbriar, for appellants.

Watts, Donovan & Tilley, P.A., by: Richard N. Watts and Staci Dumas Carson, Little Rock, for appellee.

JIM GUNTER, Justice.

Appellants, Dorothy and Robert Greenwood, appeal the circuit court's grant of summary judgment in favor of appellee Clifford Anderson, Jr. on the basis of parental immunity. We accepted certification of this case from the court of appeals pursuant to Ark. Sup.Ct. R. 1–2(b)(4) and (5), as this case involves an issue of substantial public interest and a significant issue needing clarification or development of the law or overruling of precedent. We affirm the grant of summary judgment.

Michael Anderson, age five and a half months, and his mother, Erica Greenwood, age eighteen, were killed in an automobile accident on December 30, 2006. Erica and Michael were passengers in a car driven by Michael's father, who is the appellee in this case. Appellants, Michael's maternal grandparents and co-personal representatives of Michael's estate, filed a wrongful-death suit against appellee on November 1, 2007, asserting that the accident was the result of negligence on the part of appellee and that Michael was killed as a result of that negligence. Appellee filed a response on November 14, 2007, denying any negligence and claiming several affirmative defenses including parental immunity.

On December 21, 2007, appellee filed a motion for summary judgment on the basis that, under the doctrine of parental immunity, the appellants could not maintain an action for wrongful death against him on behalf of Michael's estate. In response, appellants contended that their case should not be barred because the lack of a significant relationship between appellee and his son should represent an exception to the parental immunity doctrine. In support of their argument, they attached an affidavit given by them explaining that appellee had essentially been an absent father and had not financially supported his child. They also stated in the affidavit that appellee's liability-insurance policy had paid wrongful death damages to Erica, and the same liability policy would provide damages to Michael if not for the parental immunity doctrine. After a hearing held on June 24, 2008, the court entered an order granting appellee's motion for summary judgment on July 17, 2008. Appellants then filed a timely notice of appeal on August 7, 2008.

This court's standard of review for a summary judgment is well settled:

[S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law.

Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts. *Verdier v. Verdier*, 364 Ark. 287, 289–90, 219 S.W.3d 143, 144 (2005) (quoting *Hisaw v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 668, 676, 122 S.W.3d 1, 4 (2003)). Parental immunity was created judicially in Arkansas in *Rambo v. Rambo*, 195 Ark. 832, 114 S.W.2d 468 (1938), and proscribes an unemancipated minor from maintaining an action for an involuntary tort against his parent. Under current Arkansas law, two recognized exceptions to the parental immunity exist: (1) when the parent has committed an intentional or willful tort, *see Attwood v. Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982); (2) when the suit is a direct action against an insurer and the damages sought are uninsured-motorist benefits, *see Fields v. Southern Farm Bureau Casualty Ins. Co.*, 350 Ark. 75, 87 S.W.3d 224 (2002).

On appeal, appellants first assert that the so-called *Fields* exception, which allows an action where payment will come from an uninsured-motorist policy, should be expanded to include cases such as this

where payment will come from a liability-insurance policy. Appellants contend there is no meaningful difference between the two situations, and such an expansion of the exception would bring Arkansas in line with other jurisdictions that recognize an exception for all automobile accidents.

However, after reviewing the pleadings below, we find that this argument was not sufficiently developed at the trial court level. While appellants did mention *Fields* in their response to the motion for summary judgment, appellants never asserted the specific argument that is now being made on appeal, and our case law has made clear that this court will not consider arguments made for the first time on appeal. *City of Ft. Smith v. McCutchen*, 372 Ark. 541, 279 S.W.3d 78 (2008). Appellant must raise an issue with specificity and make an argument to the circuit court for it to be preserved on appeal. *Porter v. Ark. Dep't of Health & Human Servs.*, 374 Ark. 177, 286 S.W.3d 686 (2008). Therefore, we are precluded from addressing the merits of this argument.

For their second point on appeal, appellants urge this court to create a new exception to the parental immunity doctrine in cases where the policies supporting the doctrine will not be advanced because there has been no significant relationship developed between the child and the parent-defendant. This court has long recognized that the policy reasons supporting the parental immunity doctrine include the State's interests in maintaining family peace and harmony, the adequacy of criminal sanctions to punish child abuse, and the upholding of parental authority. *Fields, supra.* In this case, appellants contend that appellee was a parent in "only the loosest sense" because he failed to provide significant financial support for the child

and spent little of his available time with the child. Appellants' deposition, which was attached to their response to the motion for summary judgment, explained that the baby was born on July 17, 2006; appellee left for active duty in the United States Marine Corp on or about August 9, 2006; appellee spent the "majority" of his free time while on leave in November and December with his friends and not the baby; and appellee contributed a total of $100 to the support of the baby. In such a situation, appellants argue, there is no domestic harmony or family tranquility to protect because there was no real "family unit" in existence. Further, there is no "family" to protect because both the baby and his mother are deceased.

Under appellants' proposed exception, however, every case would require an inquiry into the allegedly negligent parent's relationship with the child to determine whether that relationship is "sufficient" to allow that parent immunity. We find such an approach to be highly subjective and ultimately undesirable. We also note that other jurisdictions have declined to adopt such an approach. *See, e.g., Ascuitto v. Farricielli,* 244 Conn. 692, 711 A.2d 708, 713 (1998) (declining to apply an exception to immunity for a non-custodial parent and noting that traditional models of the nuclear family have changed but "[t]he fact that the composition of families has become more varied, however, has no bearing on their essential nature as families"); *Smith v. Gross,* 319 Md. 138, 571 A.2d 1219, 1223 (1990) (declining to apply exception to immunity and finding that "maintenance of a common home is not the *sine qua non* of the elements of parenthood. The primary requisite of a father-child relationship is not that a person reside with the child but that the person is, in fact, the father of the child").

Finally, appellants urge this court to abrogate the traditional parental immunity doctrine and adopt the Restatement approach, found in § 895G in the Restatement (Second) of Torts: (1) A parent or child is not immune from tort liability to the other solely by reason of that relationship; (2) Repudiation of general tort immunity does not establish liability for an act or omission that, because of the parent-child relationship, is otherwise privileged or is not tortious. Under this approach,

> "[T]he proper inquiry concerns the tortious or privileged nature of a parent's act that causes injury to the child, not a special parental immunity from a child's action for personal torts as distinct from other kinds of claims." *Winn v. Gilroy,* 296 Or. 718, 681 P.2d 776, 784 (1984). Parents are not immune from suit by virtue of the parent/child relationship. The Restatement recognizes that in the course of exercising parental discipline and parental discretion, parents may be privileged to act in a manner that would be deemed tortious if directed at a stranger.

*Zellmer v. Zellmer,* 164 Wash.2d 147, 188 P.3d 497, 501 (2008). However, we again find that appellants failed to develop this argument at the trial court level, and as stated above, this court will not consider an argument made for the first time on appeal. *City of Ft. Smith, supra.* We therefore affirm.

Affirmed.