SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–16–149

| | |
|---|---|
| NATHAN J. JARRETT AND KEY ENERGY SERVICES, LLC<br><br>APPELLANTS<br><br>V.<br><br>ANDREW J. BRAND<br><br>APPELLEE | **Opinion Delivered** May 3, 2017<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CV-2011-52]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This appeal stems from a personal-injury case. Appellee Andrew Brand sued appellants Nathan J. Jarrett and his employer, Key Energy Services, LLC, for injuries and damages resulting from a motor-vehicle accident. A Perry County jury returned a verdict for Brand, awarding damages of $750,000. On appeal, Jarrett and Key argue that the circuit court erred in admitting evidence of Brand's alleged losses in bankruptcy as consequential damages. We affirm.

The facts of this case are not complicated, and in order to understand the argument on appeal, we will review them briefly, along with the pretrial and trial procedures. Jarrett, acting as an employee of Key, ran a red light in Morrilton and struck the side of Brand's vehicle, causing injury to Brand and damage to Brand's truck. Brand filed a complaint against Jarrett and Key. Jarrett and Key initially denied any fault but eventually admitted liability.

The matter proceeded to a jury trial on damages. Prior to trial, the circuit court entered a scheduling order directing that any motions in limine should be filed fifteen days prior to trial. Less than fifteen days before the scheduled trial date, Jarrett and Key (hereinafter collectively "Jarrett") filed a ten-page "motion in limine." This motion sought to exclude numerous items, such as "any reference to any pretrial motions filed by Defendants and the result of any hearing thereon" and "requesting Defendant's counsel to produce any information or documents in her file in front of the jury." The motion did not specifically address or mention nor seek to limit evidence of Brand's alleged losses in bankruptcy as consequential damages. On September 15, 2015, however, Jarrett filed an amended answer adding an additional affirmative defense, stating as follows:

> Pleading further and in the alternative, . . . Defendant would show that Plaintiff is judicially estopped from asserting and/or recovering more than the maximum value stated in his bankruptcy pleadings in cause 4:12-bk-10522 in the United States Bankruptcy Court for the Eastern District of Arkansas, under which Plaintiff was discharged in bankruptcy.

Prior to the trial on September 17, 2015, the court held a pretrial hearing, at which it was asked to consider the matter of Brand's bankruptcy and request for damages. Jarrett made the following statement:

> Okay. And then one other thing, Your Honor. [Brand's counsel] has—has amended his pleadings and—and made some claims for damages related to bankruptcy that Mr. Brand filed after the date of this accident.[1] I don't believe that there's—there's an element of damages for, you know, losing property and—and bankruptcy. Certainly, not in a personal injury matter and—and I'm—I'm not sure

---

[1] It is clear from the pleadings in the record that Brand never made any such amendment. The only mention of bankruptcy in the pleadings is found in Jarrett's amended answer.

it would be appropriate to even introduce evidence of the bankruptcy or any of the damages that he alleges were related to that.

Brand replied that "the bankruptcy flowed from the injury that was caused from the accident, causing Mr. Brand to file bankruptcy. And by virtue thereof, the Trustee took his equipment. And any equity he lost, we have pled that as being a loss to him. And I think that's definitely an economic loss." The court took the matter under advisement. After the jury was seated, the court denied Jarrett's request, concluding that the question of whether the bankruptcy filing flowed from the automobile accident was a question of proximate cause for the jury as triers of fact.

The matter proceeded to trial. Brand called two witnesses. Neither witness testified about his bankruptcy; rather, they spoke only about his injuries and medical treatment. After those witnesses concluded their testimony, the court called for a lunch break. During that break, the court and counsel addressed the jury instructions. The parties agreed without objection that AMI 501, defining "proximate cause," would need to be given. The court asked about AMI 2201, the "general damages" instruction. Counsel for Jarrett replied, "Yeah, I'm good with the instruction in general. I know we'll make objections later. I have just an objection on the record to one of the damage elements." No further objection was ever made, however, either at that point or when the jury was later instructed. The court and counsel then discussed verdict forms. The court noted that no one had submitted an interrogatory or asked for specific elements; there was just a general verdict form. Jarrett's counsel replied, "Okay."

After the parties had settled on the jury instructions and the jury returned from its lunch break, the trial resumed with the testimony of Brand's wife, Vinetta. She testified concerning Brand's injuries, his limitations, and his damages. Vinetta testified that the total amount of the charges for Brand's medical treatment was $106,415.99.

Vinetta subsequently testified that, as a result of the accident, Brand could no longer work at his logging job. She said that they had reached a point where they could not pay their bills, and they agreed to file for bankruptcy and did so in January 2012. She explained that, as part of the bankruptcy, they lost two rental properties (a mobile home and a wood–frame home on two parcels of real estate), rental income of $800 a month, and their logging equipment. After deducting the debt owed on the property, Vinetta stated that she and her husband lost $99,300 in equity on the property because of the bankruptcy. The Brands' discharge of bankruptcy was introduced without objection. A chart showing the value of the bankruptcy losses was also introduced without objection.

On cross-examination, Jarrett questioned Vinetta extensively about the bankruptcy. Jarrett noted that the Brands had listed the value of the personal–injury claim at $21,625 and suggested that the Brands had exaggerated the amount of debt owed on the items that they had lost.[2]

---

[2] Jarrett attempted to introduce the Brands' actual bankruptcy petition, but Brand's counsel, who did not represent the Brands in the bankruptcy proceedings, objected on the grounds that Jarrett had not provided the document during discovery and he had never seen it. The court sustained the objection.

Vinetta went on to briefly testify further about their medical bills, and Brand himself testified about the accident and the injuries he had sustained. Brand also testified that he would not have filed for bankruptcy if it had not been for the accident. Following Brand's testimony, he rested; Jarrett did likewise.

The court then instructed the jury, including the instruction on proximate cause, which the court defined as "a cause which, in a natural and continual sequence, produces damages and without which the damage would not have occurred." The parties gave their closing arguments, and the jury later returned with a unanimous verdict awarding Brand $750,000 in damages. After the jury was excused, Jarrett's counsel stated, "Your Honor, just for the record, I need to make a motion for a judgment notwithstanding the verdict." The court replied, "And that motion will be denied." The judgment was subsequently entered by the court, and Jarrett filed a timely notice of appeal.

On appeal, Jarrett challenges the circuit court's denial of his pretrial "motion in limine" and argues that the circuit court erred in admitting evidence of Brand's alleged losses in bankruptcy as consequential damages. Where evidence is admitted upon the circuit court's grant or denial of a motion in limine, our standard of review is whether the circuit court abused its discretion. *Jones v. McGraw*, 374 Ark. 483, 486, 288 S.W.3d 623, 625 (2008). A circuit court abuses its discretion if it acts improvidently, thoughtlessly, or without due consideration. *Nelson v. Nelson*, 2016 Ark. App. 416, 501 S.W.3d 875; *Smithson v. Smithson*, 2014 Ark. App. 340, 436 S.W.3d 491.

We conclude that Jarrett's arguments on appeal were never presented to the trial court. At trial, Jarrett made a generic motion in limine that bankruptcy losses were not an element of damages in a personal-injury case. On appeal, however, Jarrett presents specific challenges to the circuit court's denial of his motion in limine. He makes sweeping public-policy arguments against the introduction of evidence of bankruptcy in personal-injury cases. For example, he contends that a selective listing of assets and personal estimates of value do not reflect the complexity of a bankruptcy case. He further argues that allowing evidence of bankruptcy damages in a personal-injury case "provides an opportunity for an unscrupulous plaintiff to tell the bankruptcy court one thing and the circuit court something else." Jarrett also asserts that "the path from a car accident to bankruptcy is not a 'natural and continuous sequence of events.'" He goes on to cite other jurisdictions that he claims support his contention that claims of equity lost in bankruptcy should be precluded as damages in a personal-injury case. None of these specific arguments were presented to the trial court.

Admittedly, once a motion in limine is made and ruled on, no further objection is necessary to preserve the argument for appeal. *See Allstate Ins. Co. v. Dodson*, 2011 Ark. 19, at 18, 376 S.W.3d 414, 427. However, an appellant must nonetheless raise an issue with specificity and make an argument to the circuit court to preserve it for appeal. *Greenwood v. Anderson*, 2009 Ark. 360, at 4, 324 S.W.3d 324, 326; *Baker v. State*, 2013 Ark. App. 281, at 3–4; *St. Joseph's Mercy Health Ctr. v. Edwards*, 2011 Ark. App. 560, at 4, 385 S.W.3d 849, 852.

In *Greenwood*, *supra*, the appellant raised an argument that the supreme court should expand the exception to the doctrine of parental immunity carved out in the case of *Fields v. Southern Farm Bureau Casualty Insurance Co.*, 350 Ark. 75, 87 S.W.3d 224 (2002). The supreme court declined to do so, noting that, while the appellants had mentioned *Fields* in their response to the appellees' motion for summary judgment, the appellants never asserted the specific argument that was being raised on appeal.

In *Baker*, *supra*, appellant Baker contended on appeal that his due-process and fair-trial rights were violated by the admission of the testimony of his alleged rape victim. This court rejected his arguments, noting that while Baker had argued in a pretrial motion in limine "in boilerplate language" that the admission of the victim's testimony would deprive him of a fair trial, he had not raised his specific due-process arguments in his motion, nor did the circuit court rule on them. Accordingly, this court determined that Baker's arguments were not preserved for review.

And in *Edwards*, *supra*, the appealing hospital had moved in limine to exclude expert testimony on one specific aspect of the plaintiff's injuries. On appeal, however, the hospital expanded that argument to assert that all of the expert's testimony was speculative. This court refused to consider the argument, noting that the motion in limine had been restricted to one aspect of the doctor's testimony, and the "other arguments now made by St. Joseph's are being raised for the first time on appeal." *Edwards*, 2011 Ark. App 560, at 4, 385 S.W.3d at 852.

Because none of the specific arguments that Jarrett raises on appeal were argued and ruled upon by the trial court, we will not consider them for the first time now. *See Jackson v. Nationstar Mortgage LLC*, 2016 Ark. App. 473; *Hodges v. Gravel Hill Cemetery Comm.*, 2016 Ark. App. 360, 498 S.W.3d 746; *Caldwell v. Columbia Mut. Ins. Co.*, 2015 Ark. App. 719. If a particular theory was not presented at trial, the theory will not be reached on appeal. *Ouachita Wilderness Inst., Inc. v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (1997). We therefore affirm.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller* and *Robert S. Shafer*, for appellants.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabeth Branscum Burgess*, for appellee.