# SUPREME COURT OF ARKANSAS

**No.** CV–17–425

| | |
|---|---|
| | **Opinion Delivered:** September 14, 2017 |
| NATHAN JARRETT AND KEY ENERGY SERVICES, LLC<br>APPELLANTS | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CV-2011-52] |
| V. | HONORABLE MACKIE M. PIERCE, JUDGE |
| ANDREW J. BRAND<br>APPELLEE | DISSENT ON DENIAL OF PETITION FOR REVIEW. |

**JOSEPHINE LINKER HART, Associate Justice**

I would grant appellants' petition asking for review of the decision of the Arkansas Court of Appeals in *Jarrett v. Brand*, 2017 Ark. App. 276. As the court of appeals acknowledges, the circuit court considered appellants' argument and ruled against appellants, finding that the question whether the bankruptcy filing flowed from the automobile accident was a question of proximate cause for the jury as triers of fact. In their brief before the court of appeals, appellants argued that neither Arkansas law nor case law from other jurisdictions supported the circuit court's conclusion. Appellants observed that Arkansas's jury instructions did not consider bankruptcy losses as an element of damages. Appellants further noted that there were good public-policy reasons to support their position. And finally, appellants argued that, in considering the meaning of the phrase, "proximate cause," an automobile accident could not be the proximate cause of a bankruptcy. But even though

appellants made the argument at trial, the circuit court ruled on it, and appellants made the same argument in their brief, the court of appeals concluded that

> [appellants'] arguments on appeal were never presented to the trial court. At trial, [appellants] made a generic motion in limine that bankruptcy losses were not an element of damages in a personal-injury case. On appeal, however, [appellants] present[ ] specific challenges to the circuit court's denial of his motion in limine. [Appellants] make[ ] sweeping public-policy arguments against the introduction of evidence of bankruptcy in personal-injury cases. For example, [appellants] contend[ ] that a selective listing of assets and personal estimates of value do not reflect the complexity of a bankruptcy case. [Appellants] further argue[ ] that allowing evidence of bankruptcy damages in a personal-injury case "provides an opportunity for an unscrupulous plaintiff to tell the bankruptcy court one thing and the circuit court something else." [Appellants] also assert[ ] that "the path from a car accident to bankruptcy is not a 'natural and continuous sequence of events.'" [Appellants] go[ ] on to cite other jurisdictions that [appellants] claim support [their] contention that claims of equity lost in bankruptcy should be precluded as damages in a personal-injury case. None of these specific arguments were presented to the trial court.

*Jarrett*, 2017 Ark. App. 276, at 6.

As is obvious even from the court of appeals' decision, the issue of whether an automobile accident could proximately cause a bankruptcy was argued by the parties, ruled on by the circuit court, and argued in the appellate briefs. Thus, I would reverse the court of appeals' decision and remand to the court of appeals to consider the merits of the argument.