RAYMOND R. ABRAMSON, Judge
James Randall Amason, Sr., appeals following the Union County Circuit Court's entry of summary judgment on his declaratory-judgment action in favor of the City of Calion, Arkansas (the City). On appeal, Amason argues that the circuit court erred by (1) finding that he was procedurally barred from asserting the declaratory-judgment action; (2) concluding that there were no genuine issues of material fact; and (3) relying on inadmissible evidence. He also argues that the circuit court erred by granting the City's declaration of taking and denying his petition for an injunction. We affirm.
This case arises out of the City's construction of a wastewater plant on Calion Lake. Specifically, the plant is a sanitary sewage system that would discharge treated wastewater effluent into the lake. Amason owns property on Calion Lake, and on February 2, 2015, the City filed a condemnation complaint against Amason seeking two easements-a permanent easement *32 and a construction easement-for construction of the plant.
On March 2, 2015, Amason answered and filed a counterclaim for a declaratory judgment. Amason asked the court to declare that "if the City of Calion goes forward with its stand-alone sewer system and dumps effluent into Calion Lake such will void the Surface Lease that was executed on July 13, 1934." He attached the 1934 surface lease and a 1955 assignment of the surface lease to the Arkansas Game and Fish Commission (AGFC).
The 1934 surface lease shows that certain Union County landowners leased their interests in several parcels of land for the establishment of Calion Lake. The surface lease states in part as follows:
The purpose of this lease is to provide a public fishing lake for the use, pleasure and enjoyment of the members of the public.... This lease shall continue and remain in full force and effect for such time as said lake is maintained and used for the purpose aforesaid, and no longer. If said lake is not maintained or the purpose of the lease abandoned, then rights herein surveyed shall cease and the right of possession to the surface of the lands shall return and vest in the respective owners.
In 1955, the lease was assigned to AGFC so long as it "maintain[s], operate[s] and preserve[s] the said Calion Lake as a public fishing lake for the use, pleasure and enjoyment of the members of the public generally and in keeping with purposes of said lease."
On May 18, 2015, the City filed a declaration of taking of two easements across Amason's property. The City stated that just compensation for the easements had been deposited into the court's registry.
On May 29, 2015, Amason objected to the City's declaration. He also filed a petition for injunctive relief. In the injunction petition, he requested that the court enjoin the City from constructing the wastewater plant and from "pursuing eminent domain in this cause of action" until the declaratory-judgment action had been resolved.
On February 3, 2016, the City filed a motion for summary judgment on Amason's declaratory-judgment action. The City argued that Amason did not have standing to assert the action and had failed to join necessary parties. The City further argued that the construction of the wastewater plant did not void the surface lease.
In support of its summary-judgment motion, the City offered the following exhibits: a copy of the 2015 assignment of the surface lease to the City; an affidavit from the Union County judge, Mike Loftin; an affidavit from the City's mayor, Karen Evans; a letter from the Arkansas Natural Resources Commission (ANRC); a letter from the Arkansas Department of Health (ADH); a letter from the United States Army Corps of Engineers (USACE); and two letters from AGFC.
In his affidavit, Loftin stated that the City had plans to construct a wastewater plant on Calion Lake to serve residents and to combat the pollution levels in the lake and that Union County did not object to the plant. In her affidavit, Evans stated that Calion Lake currently had pollution levels that prevent recreational activities such as swimming and skiing and that the wastewater plant would release treated effluent into the lake that would be cleaner than the current water. She stated that the water would be tested regularly to comply with Arkansas State regulatory standards. Evans further stated that Blake Harrell[1] had conducted a review of the *33 plant and that he had found that it would not negatively impact the fish population and that it complies with all environmental requirements.
In its November 13, 2012, letter, the ANRC approved the wastewater-plant plans and stated that the plant complies with required environmental-review regulations. In its July 15, 2015 letter, the ADH chief engineer stated that the ADH had made a preliminary approval of the wastewater plant. In its November 24, 2015 letter, USACE approved a permit for the wastewater plant.
In a January 17, 2014 letter, the AGFC assistant chief of fisheries management stated that he was responding to Amason's letter concerning the wastewater plant on Calion Lake. He noted that the lake had a history of water-quality problems and that it had been listed on the Environmental Protection Agency's (EPA's) impaired-waters list. He stated that AGFC is committed to working with the Arkansas Department of Environmental Quality to ensure that nothing will be discharged into the lake that will cause a decline in water quality.
In its October 8, 2015 letter, the AGFC director stated that the Commission had no concerns about the City's proposed wastewater plant. The director stated that after the plant is completed, biologists would monitor the water to ensure that the projected water levels matched the proposed levels and that no aquatic life is negatively impacted.
After the City filed its summary-judgment motion, the court entered an order on May 9, 2016, denying Amason's petition for an injunction and finding that the City's declaration of taking was valid.
On May 13, 2016, the City filed a reply to Amason's response to its summary-judgment motion. In the reply, the City additionally argued that the counterclaim did not present a justiciable controversy.
On June 23, 2017, the court held a hearing on the City's summary-judgment motion. At the hearing, the City's attorney informed the court that construction of the wastewater plant had commenced but that the project had not yet been completed.
On October 26, 2017, the court entered a written order granting the City's motion for summary judgment. On November 22, Amason filed a notice of appeal, appealing both the May 9, 2016 order upholding the City's taking and denying injunctive relief and the October 26, 2017 order granting the City's summary-judgment motion.
On December 12, the court entered a supplemental order granting the City's summary-judgment motion. In the supplemental order, the court specifically found that Amason was procedurally barred from bringing the declaratory-judgment action because (1) he did not have standing; (2) he had failed to join necessary parties; and (3) the action did not present a justiciable controversy. The court further found that the construction of the wastewater plant did not void the surface lease.
On December 20, Amason filed an amended notice of appeal to include the December 12, 2017 supplemental order. On February 26, 2018, Amason filed a motion to dismiss the appeal for lack of a final order in this court, and on March 28, 2018, we dismissed the appeal without prejudice.
On April 6, 2018, the City filed a motion to enforce settlement in the circuit court. The City alleged that at the time it filed the condemnation complaint against Amason, it placed $ 3,810 in the court's registry. The City stated that after the court granted the City's summary-judgment motion, both the City and Amason agreed that Amason would accept the $ 3,810 in full satisfaction for the taking; however, *34 the sum remained in the registry. The City alleged that it had contacted Amason concerning the settlement but that he had not responded.
On April 25, 2018, the court entered an agreed order on the City's motion to enforce the settlement agreement. The order states, "The Parties have come to an agreement and [Amason] has agreed to take the money from the registry of the Court in compensation for the City's taking. Mr. Amason will accept the $ 3,810 in full satisfaction."
On May 5, 2018, Amason filed a notice of appeal, appealing the May 9, 2016 order upholding the City's taking and denying injunctive relief; the October 26, 2017 order granting the City's summary-judgment motion; the December 12, 2017 supplemental order; and the April 25, 2018 agreed order. We now turn to the merits of the appeal.
Amason first argues that the circuit court erred in granting summary judgment based on procedural deficiencies.[2] Even assuming that the circuit court erred in finding that Amason was procedurally barred from asserting the declaratory-judgment action, we hold that the circuit court properly granted summary judgment because there are no genuine issues of material fact as to whether the wastewater project voided the surface lease.
Summary judgment may be granted by a circuit court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. Watkins v. Ark. Elder Outreach of Little Rock, Inc. , 2012 Ark. App. 301, 420 S.W.3d 477. When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. Id. On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. Id. In making this decision, we view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Id. The purpose of summary judgment is not to try the issues but to determine whether there are any issues to be tried. Davis v. Schneider Nat'l, Inc. , 2013 Ark. App. 737, 431 S.W.3d 321.
In this case, the surface lease states that its purpose is to provide a public fishing lake, and the uncontested evidence shows that the wastewater plant would improve the water quality in Calion Lake. Calion Lake had significant water-quality problems-it had been listed on the EPA's impaired-waters list. However, both Loftin and Evans stated that the facility would combat the existing pollution in the lake. Further, ADH, ANRC, and AGFC had approved the wastewater plant, and AGFC stated that it would continue to monitor the water to ensure that the projected water levels matched the proposed levels and to protect the aquatic life. Additionally, USACE had approved a permit for the plant.
Amason asserts that in granting summary judgment, the circuit court erroneously relied on the City's attorneys' arguments as evidence and accepted the City's "version" over his complaint that the *35 plant would pollute Calion Lake and void the surface lease. He claims that the court improperly made credibility and factual determinations, which are questions for a jury.
We disagree. As discussed above, the City offered evidence by way of affidavits and exhibits beyond its attorneys' arguments that the wastewater plant would improve the water quality in the lake-not pollute it-and Amason presented no evidence to combat that proof. When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. Watkins , 2012 Ark. App. 301, 420 S.W.3d 477. Because Amason has failed to meet proof with proof to rebut the City's evidence that the wastewater plant did not void the surface lease, we cannot say that the circuit court erred in granting the City's summary-judgment motion on the declaratory-judgment action.
Amason also argues that in granting summary judgment, the circuit court erroneously relied on Evans's and Harrell's statements. He asserts that their statements are inadmissible because Evans and Harrell do not qualify as experts, and their statements are not based on personal knowledge. However, Amason did not object to Evans's and Harrell's statements to the circuit court. This court will not consider arguments made for the first time on appeal. See Greenwood v. Anderson , 2009 Ark. 360, 324 S.W.3d 324. Appellant must raise an issue with specificity and make an argument to the circuit court for it be preserved on appeal. See id. Because Amason did not object to the evidence to the circuit court, we are precluded from addressing the merits of this argument.
Amason lastly argues that this court "should reverse the order granting the declaration for taking and denying the motion for an injunction." He asserts that the City's taking cannot survive if the surface lease is void and that the City acted in bad faith by condemning his property with knowledge of the surface lease's conditions on Calion Lake. However, on April 25, 2018, the court entered an agreed order on the City's motion to enforce the settlement agreement, stating that Amason accepted $ 3,810 in full satisfaction for the City's taking. Our supreme court has held that a negotiated settlement agreement reached during the pendency of an appeal renders the appeal moot. See City of Pine Bluff v. Jones , 370 Ark. 173, 258 S.W.3d 361 (2007). In this case, Amason settled the issue of the taking; thus, the issue is moot.
Affirmed.
Virden and Hixson, JJ., agree.

Harrell is the "Community and Economic Development Coordinator."

Specifically, Amason asserts that the circuit court erred by finding that (1) he did not have standing to assert the declaratory-judgment action; (2) he did not join necessary parties; and (3) the declaratory-judgment action failed to present a justiciable controversy.