Cite as 2021 Ark. App. 145

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–20–43

| | | |
|---|---|---|
| WILLIAM DURDEN | | **Opinion Delivered:** March 31, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| V. | | [NO. 17CV-16-153] |
| | | |
| CITY OF VAN BUREN; CITY OF VAN BUREN POLICE DEPARTMENT; OFFICER KEVIN DUGAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JOHN DOES 1–5, SAID DESIGNATION REPRESENTING THOSE INDIVIDUALS AND/OR ENTITIES EXCERCISING CONTROL OVER THE PLAINTIFF; JOHN DOES 6–10, SAID DESIGNATION REPRESENTING THE LIABILITY INSURANCE CARRIER(S) | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | | REMANDED TO SUPPLEMENT THE RECORD |
| | APPELLEES | |

## MIKE MURPHY, Judge

Appellant William Durden appeals from the Crawford County Circuit Court's order granting summary judgment to the appellees and dismissing his complaint with prejudice. Durden argues on appeal that the circuit court erred in granting summary judgment because there was a genuine issue of material fact regarding his right to be free from arrest while located on the dock of a marina to which the public did not have access. We decline to reach the merits of Durden's argument at this time because the case must be remanded to supplement the record and to correct deficiencies in the electronic record.

In granting appellees' motion for summary judgment, the circuit court's order states that it considered the following in reaching its decision: the pleadings submitted, the argument of counsel, the applicable law, and other matters properly before it pursuant to Arkansas Rule of Civil Procedure 56. The court's order found that "[i]n addition to the facts and law contained in Separate Defendants' briefs," Arkansas Rule of Criminal Procedure 4.1 applied. However, the separate defendants' brief referenced in their motion for summary judgment is not included in the record before us.

Under Arkansas Rule of Appellate Procedure–Civil 6(c), "[w]here parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency." In addition, under Rule 6(e), this court can sua sponte direct the parties to supply any omitted material by filing a certified, supplemental record.

As a general rule, this court and the supreme court require the record on appeal to include all material information that a circuit court considered when granting a party's motion for summary judgment. *See Verdier ex rel. Verdier v. Verdier*, 362 Ark. 660, 210 S.W.3d 123 (2005). Durden's notice of appeal designating an abbreviated record did not request the brief accompanying the motion for summary judgment. In order to adequately review the circuit court's order of summary judgment, we must have before us the brief accompanying the motion for summary judgment.

Pursuant to Arkansas Rule of Appellate Procedure–Civil 6(c) & (e), we remand to supplement the record with the brief in support of the motion for summary judgment within thirty days and direct Durden to resubmit a corrected certified copy.

Remanded to supplement the record.

KLAPPENBACH and GRUBER, JJ., agree.

*Wallace, Martin, Duke & Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Thomas N. Kieklak* and *R. Justin Eichmann*, for appellees.