Cite as 2024 Ark. App. 350

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-22-336

| | |
|---|---|
| CHARLES L. DANIELS II, INDIVIDUALLY; CHARLES L. DANIELS II, ON BEHALF OF PAYTON DANIELS, A MINOR; AND CHARLES L. DANIELS II, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF HARMONY LYNN WILLIAMS DANIELS, DECEASED<br><br>APPELLANTS<br><br>V.<br><br>C. WAYNE LYLE, M.D.; C. WAYNE LYLE, M.D., P.A.; MEDICAL SERVICES GROUP, LTD.; BAPTIST HEALTH; AND DIAMOND RISK INSURANCE, LLC<br><br>APPELLEES | Opinion Delivered May 29, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CV-18-5971]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br><br><br>REMANDED TO SUPPLEMENT THE RECORD |

**RITA W. GRUBER, Judge**

This appeal is from an order granting summary judgment in a civil action following the death of Harmony Daniels. The appellants—Harmony's husband, minor child, and estate—ask this court to reverse the circuit court's order granting the appellees' motions for summary judgment. The appellees are medical providers who provided services to Harmony. The appellants argue that they consistently pled and argued that the appellees' alleged negligence "lies within the jury's comprehension as a matter of common knowledge" but

that the circuit court used a burden of proof that would have applied only if expert testimony had been required.

We decline to reach the merits of the appellants' arguments at this time because the case is remanded to supplement the record and to correct deficiencies in the electronic record.

According to the order granting the appellees' renewed motions for summary judgment, the circuit court considered the following: the files and records of the case, the pleadings of the parties, and the arguments presented at the January 31, 2022, hearing. The appellants designated an abbreviated record in their notice of appeal. However, the record before this court includes only the appellants' original complaint but does not include the first, second, and third amended complaints. Nor does the record contain the appellees' original motions for summary judgment that were renewed and the order denying those motions, even though at least certain appellees reference those original motions in their renewed motions. Further, the record does not include the parties' expert disclosures, the responses and replies to the various motions for summary judgment and renewed motions, or the transcript of the January 31 hearing.

Under Arkansas Rule of Appellate Procedure–Civil 6(c), "[w]here parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency." In addition, under Rule 6(e), this court can sua sponte direct the parties to supply any omitted

material by filing a certified, supplemental record. As a general rule, the record must include all material information that a circuit court considered when granting a party's motion for summary judgment. *See Verdier ex rel. Verdier v. Verdier*, 362 Ark. 660, 210 S.W.3d 123 (2005). In order to adequately review the order of summary judgment, this court must have before it the pleadings, the other documents, and the January 31 hearing testimony that the circuit court considered.

Pursuant to Arkansas Rule of Appellate Procedure–Civil 6(c) and (e), we remand this case to supplement the record with the amended complaints, all motions for summary judgment and responses and replies thereto, all orders regarding motions for summary judgment, all expert disclosures, the transcript from the January 31 hearing, and any other pleadings or documents essential to the decision of the questions presented on appeal. We direct appellants to resubmit a supplemented certified copy of the record within forty-five days.

Remanded to supplement the record.

ABRAMSON and WOOD, JJ., agree.

*Joe Woodson*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *David C. Jung*, for separate appellees Baptist Health and Diamond Risk Insurance, LLC.

*Friday, Eldredge & Clark, LLP*, by: *T. Michelle Ator*, for separate appellees C. Wayne Lyle, M.D.; C. Wayne Lyle M.D., P.A.; and Medical Services Group, Ltd.